**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KATHLEEN VITA, | : : : : | Civil Action No. 21-11060 (SRC) |
| Plaintiff, | : : | |
| v. | : : | **OPINION & ORDER** |
| LUCIEN VITA et al., | : : : | |
| Defendants. | : : : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion to dismiss filed by Defendants Lucien Vita, Maria Vita, and 1 Wilton Road Westport LLC ("Wilton") (collectively, "Defendants"). The motion has been opposed by Plaintiff Kathleen Vita. For the reasons expressed below, the Court will grant the motion to dismiss.

This case arises from a financial dispute between family members. The Complaint alleges that Defendants induced Plaintiff to make investments of money that have not been repaid as promised. Plaintiff filed a Complaint which asserts eight claims: 1) breach of contract; 2) breach of the covenant of good faith and fair dealing; 3) unjust enrichment; 4) violation of the NJ Consumer Fraud Act; 5) conversion; 6) fraud in the inducement; 7) violation of the NJ Fraudulent Transfer Act; and 8) NJ RICO violation. Defendants now move to dismiss the Second through Eighth Counts of the Complaint. In short, Defendants argue that the Complaint sufficiently alleges a debt claim for breach of contract but does not plead sufficient facts to support the other causes of action.

As to the Second Count, for breach of the covenant of good faith and fair dealing, Defendants argue that the Complaint fails to plead facts sufficient to make plausible the cause of action.  Defendants are correct: the Second Count of the Complaint contains only vague and conclusory allegations, with no specific allegations of what Defendants did to breach the covenant.  To meet the pleading requirements of Rule 8(a), a complaint must contain "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  The Second Count does not plead sufficient facts to make plausible its claim for relief and will be dismissed without prejudice.

The same analysis applies to the Third through Eight Counts: the Complaint offers only vague and conclusory allegations in support of the claims, which are not sufficient to support a claim under the federal pleading standards of Iqbal and Twombly.  The Court recognizes that this Complaint was originally filed in the Superior Court of New Jersey, and then was removed to this Court, but it must now be redrafted to meet federal pleading standards.

The motion to dismiss will be granted in its entirety, and the Second through Eighth Counts will be dismissed without prejudice.  Plaintiff will be granted leave to file an Amended Complaint within 30 days.

For these reasons,

**IT IS** on this 16th day of August, 2021

**ORDERED** that Defendants' motion to dismiss (Docket Entry No. 6) is **GRANTED** and the Second through Eighth Counts in the Complaint are hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff is given leave to file an Amended Complaint which repleads the dismissed claims within 30 days of the date of entry of this Order.

        s/ Stanley R. Chesler
    STANLEY R. CHESLER
   United States District Judge