NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KATHLEEN VITA, | Civil Action No. 21-11060 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| LUCIEN VITA, MARIA VITA, 1 WILTON ROAD WESTPORT LLC, JOHN DOES 1-10, JANE DOES 1-10, and ABC ENTITIES 1-10, | |
| Defendants. | |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion to dismiss Counts Two through Eight of the First Amended Complaint (ECF No. 16 [hereinafter "FAC"]) by Defendants Lucien Vita, Maria Vita, and 1 Wilton Road Westport LLC (collectively "Defendants"). (ECF No. 21). Plaintiff Kathleen Vita ("Plaintiff") has opposed the motion. (ECF No. 32). For the reasons that follow, the Court will grant Defendants' motion in full.

    **I. BACKGROUND**

      This case arises from a financial dispute between family members. Plaintiff alleges Defendants fraudulently induced her to wire them money at various times between January 2018 and February 2019. (FAC, PageID# 160, 161-63, ¶¶ 7, 8-16). The money, which Plaintiff alleges totals more than $500,000, was supposed to be used in connection with a business her brother, Defendant Lucien Vita, started in Puerto Rico called Hurri-Homes L.L.C. ("Hurri-Homes").

1

(FAC, PageID# 160-61, ¶¶ 7, 8). Instead, however, Plaintiff contends Defendants "absconded" with the money and never paid her back. (FAC, PageID# 160-61, ¶ 7).

Plaintiff claims Lucien Vita made a series of false "representations, promises, and assurances" during the transactions. (FAC, PageID# 161, ¶ 9). Some of the alleged statements were false facts about Hurri-Homes. For example, Plaintiff alleges Lucien Vita told her Hurri-Homes was worth almost $10 million and that the company owned a valuable patent related to its business. (FAC, PageID# 161, ¶ 8). Other statements were false promises with respect to the use and repayment of Plaintiff's money. For instance, Plaintiff alleges Lucien Vita assured her there was no risk that Plaintiff would not be repaid, stated that she would receive her money back with a substantial return, explained that he and others would be personally responsible for repaying her, and promised that Plaintiff's money would only be used for legitimate business purposes. (FAC, PageID# 161, ¶ 8). Plaintiff alleges Defendants knew these statements were false and that they were intended to induce Plaintiff to give Defendants her money. (FAC, PageID# 164, ¶ 21).

Plaintiff filed her original Complaint in New Jersey state court. (ECF No. 1). Defendants' removed the case to this Court in May 2021. (ECF No. 1). The original Complaint contained eight counts, as follows: Count One for Breach of Contract, Count Two for Breach of the Covenant of Good Faith and Fair Dealing, Count Three for Unjust Enrichment, Count Four for Violation of the New Jersey Consumer Fraud Act, Count Five for Conversion, Count Six for Fraud in the Inducement, Count Seven for Violation of the New Jersey Uniform Fraudulent Transfer Act, and Count Eight for Violation of the New Jersey Racketeer Influenced and Corrupt Organizations Act. (ECF No. 1, Exhibit A, PageID# 11-17). In June 2021, Defendants' filed a motion to dismiss Counts Two through Eight of the original Complaint—all of the claims except

2

the breach of contract claim. (ECF No. 6). This Court granted Defendants' motion and dismissed Counts Two through Eight without prejudice. (ECF No. 14). Plaintiff then filed the FAC. (ECF No. 16). The FAC adds new factual allegations but contains the same eight counts as the original Complaint. Defendants again filed a motion a dismiss all of the claims in the FAC except the breach of contract claim. (ECF No. 21). That motion has been fully briefed and is now before the Court.

## II. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants seek dismissal of Counts Two through Eight of the FAC for failure to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6), the Supreme Court has explained that the complaint must "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint will meet this plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the complaint need not demonstrate that a defendant is probably liable for the wrongdoing to meet the requisite pleading standard, allegations that give rise to the mere possibility of unlawful conduct are insufficient to withstand a motion to dismiss. Id.; Twombly, 550 U.S. at 557. Further, while a complaint is not required to include highly "detailed factual allegations," it must include more than mere "labels and conclusions." Twombly, 550 U.S. at 555. Finally, "the tenet that a court must accept as true all of the

3

allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. The Court will separately evaluate Counts Two through Eight of the FAC under the plausibility standard.

### B. Count Two – Breach of the Covenant of Good Faith and Fair Dealing

The FAC does not adequately state a claim for a breach of the covenant of good faith and fair dealing. "Every contract in New Jersey contains an implied covenant of good faith and fair dealing."[1] Sons of Thunder, Inc. v. Borden, Inc., 690 A.2d 575, 587 (N.J. 1997). Under the covenant, "neither party shall do anything which will have the effect of destroying or injuring the right of the other to receive the fruits of the contract." Palisades Props., Inc. v. Brunetti, 207 A.2d 522, 531 (N.J. 1965) (internal quotation omitted). "However, breach of the implied covenant of good faith and fair dealing does not create an independent cause of action when it is based on the same underlying conduct as [a] breach of contract claim." Hills v. Bank of Am., No. 13-cv-04960, 2015 WL 1205007, at *4 (D.N.J. Mar. 17, 2015). Rather, New Jersey law allows for an independent cause of action based on the covenant of good faith and fair dealing in only three limited situations:

> (1) to allow the inclusion of additional terms and conditions not expressly set forth in the contract, but consistent with the parties' contractual expectations; (2) to allow redress for a contracting party's bad-faith performance of an agreement, when it is a pretext for the exercise of a contractual right to terminate, even where the defendant has not breached any express term; and (3) to rectify a party's unfair exercise of discretion regarding its contract performance.

Barows v. Chase Manhattan Mortg. Corp., 465 F. Supp. 2d 347, 365 (D.N.J. 2006).

Here, Plaintiff's good faith and fair dealing claim is duplicative of her breach of contract

---

[1] Neither party contests the application of New Jersey law.

4

claim. Plaintiff fails to identify how her claim fits any of the three situations in which a good faith and fair dealing claim is available under New Jersey law. Instead, Plaintiff alleges, in conclusory fashion, that Defendants "have failed and continue to fail to act in good faith and deal fairly with [Plaintiff]," (FAC, PageID# 166, ¶ 3), and argues Defendants' actions were part of "a bad faith scheme to ensure that they would never have to repay Plaintiff," (Pl. Br. at 7-8). But the heart of the bad faith alleged—i.e., Defendants' failure to uphold their promises and repay Plaintiff—is also the alleged breach of the contract. TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC, No. 12-cv-03355, 2013 WL 6048720, at *3 (D.N.J. Nov. 4, 2013) ("A breach of the covenant of good faith and fair dealing must not arise out of the same conduct underlying an alleged breach of contract action."); see also Wade v. Kessler Inst., 798 A.2d 1251, 1261–62 (N.J. 2002) (explaining that a defendant cannot be found liable for breach of the implied covenant based on conduct that also constitutes breach of the express terms of the contract). As such, because Plaintiff has not identified any grounds for a good faith and fair dealing claim independent of her breach of contract claim, Plaintiff's claim for the breach of the covenant of good faith and fair dealing will be dismissed.

### C. Count Three – Unjust Enrichment

Plaintiff's unjust enrichment claim is also duplicative of her breach of contract claim. To establish an unjust enrichment claim under New Jersey law, "a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994). "Unjust enrichment is not an independent theory of liability, but is the basis for a claim of quasi-contractual liability." Goldsmith v. Camden Cnty. Surrogate's Off., 975 A.2d 459, 463 (N.J. Super. Ct. App. Div.

5

2009). Because unjust enrichment is an equitable remedy, a plaintiff may either recover on an unjust enrichment theory or an express contract theory, but not both. Caputo v. Nice-Pak Prods., Inc., 693 A.2d 494, 498 (N.J. Super. Ct. App. Div. 1997).

Here, Plaintiff's unjust enrichment claim is governed by the contract with Defendants. Plaintiff argues that "Defendants have been unjustly enriched beyond their contractual obligations when they wrongfully and improperly received assets, monies, and other things of value through the wrongful diversion and conversion of the funds in issue." (Pl. Br. at 11). But this is simply a restatement of the breach of contract claim using the language of unjust enrichment. As alleged, the contract between Plaintiff and Defendants provided that Plaintiff would give Defendants money and they would pay her back, perhaps with a return. (FAC, PageID# 161, ¶ 8) (identifying the various representations Lucien Vita made to Plaintiff, including that Defendants would pay her back). Therefore, Defendants' failure to repay Plaintiff—the process by which they were "enriched beyond their contractual obligations," (Pl. Br. at 11)—is simply a breach of the contract and there is no need to resort to the quasi-contractual remedy of unjust enrichment. Nieves v. Lyft, Inc., No. 17-cv-06146, 2018 WL 2441769, at *20 (D.N.J. May 31, 2018) (dismissing the plaintiff's unjust enrichment claim because it was "based entirely on the terms of the parties' agreement"). Thus, Plaintiff's unjust enrichment claim fails.

### D. Count Five – Conversion

Plaintiff's conversion claim will also be dismissed. Under New Jersey law, conversion is "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's

rights." Barco Auto Leasing Corp. v. Holt, 548 A.2d 1161, 1164–65 (N.J. Super. Ct. App. Div. 1988). While the doctrine was originally only applied to chattels, it may now be applied to "money, bonds, and other types of securities." Cargill Glob. Trading v. Applied Dev. Co., 706 F. Supp. 2d 563, 578 (D.N.J. 2010). However, New Jersey has restricted such applications to avoid turning breach of contract claims into tort claims. Chi. Title Ins. Co. v. Ellis, 978 A.2d 281, 287 (N.J. Super. Ct. App. Div. 2009). As such, "[o]nly where there is an obligation to return the identical money will an action for conversion lie—it does not lie where there is merely a debtor/creditor relationship." Cargill, 706 F. Supp. 2d at 578 (internal quotation omitted).

Like her good faith and fair dealing claim and her unjust enrichment claim, Plaintiff's conversion claim fails because it simply restates the breach of contract allegations in Count One. Plaintiff alleges Defendants "have improperly and wrongfully diverted and converted assets, monies and other things of value belonging to [Plaintiff]." (FAC, PageID# 168, ¶ 2). But, as far as the Court can tell, the "assets, monies, and other things of value" refers to the more than $500,000 Plaintiff gave to Defendants. (FAC, PageID# 160-61, ¶ 7). That money is the subject of Plaintiff's breach of contract claim in Count One. See Gordon v. Nice Sys., Inc., No. 18-cv-02168, 2020 WL 2316278, at *5 (D.N.J. May 11, 2020) (dismissing the plaintiff's conversion claim where it was "simply a restatement of Plaintiff's claim for money owed pursuant to the contract at issue"). Thus, to support her conversion claim, Plaintiff is simply re-alleging that, according to the contract between the parties, Defendants owe her a debt. Advanced Enters. Recycling, Inc. v. Bercaw, 869 A.2d 468, 472 (N.J. Super. Ct. App. Div. 2005) ("An action for conversion will not lie in the context of a mere debt. . . ."). That is insufficient to maintain a

7

conversion claim and Count Five must be dismissed.[2]

### E. Counts Four, Six, and Seven – Violation of the New Jersey Consumer Fraud Act, Fraud in the Inducement, and Violation of the New Jersey Uniform Fraudulent Transfer Act

Plaintiff alleges three separate fraud counts—one for violation of the New Jersey Consumer Fraud Act ("NJ CFA"), one for fraud in the inducement, and one for violation of the New Jersey Uniform Fraudulent Transfer Act ("NJ UFTA"). Because allegations of fraud must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b), the Court first articulates the Rule 9(b) standard and then addresses each cause of action.[3]

1. Rule 9(b)'s Heightened Pleading Standard

Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In order to satisfy Rule 9(b)'s requirements, the plaintiff must include "precise allegations of date, place, or time" in its pleading or use alternative "means of injecting precision and some measure of substantiation into their allegations of fraud." Bd. of Trs. of Teamsters Loc. 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 172 n.10 (3d Cir. 2002) (internal quotation omitted). The heightened standard is intended "to place the defendants on notice of the precise misconduct with which they are

---

[2] Defendants also argue that Plaintiff's conversion claim should be dismissed because she has failed to allege that she made a demand for the money Defendants owed her. (Def. Br. at 15-16). To maintain a cause of action for conversion, the plaintiff must "establish that the tortfeasor exercised dominion over its money and repudiated the superior rights of the owner" and such "repudiation must be manifested in the injured party's demand for funds and the tortfeasor's refusal to return the monies sought." Bondi v. Citigroup, Inc., 32 A.3d 1158, 1190 (N.J. Super. Ct. App. Div. 2011). Here, Defendant is correct that Plaintiff has not alleged or argued that she demanded Defendants return the funds to her. This failure provides an alternative ground for dismissing Plaintiff's conversion claim.

[3] Plaintiff does not appear to contest the application of the heightened pleading standard to the NJ CFA, fraud in the inducement, and NJ UFTA claims. Indeed, federal courts have previously applied Rule 9(b) to each of these three causes of action. Crozier v. Johnson & Johnson Consumer Cos., 901 F. Supp. 2d 494, 506 (D.N.J. 2012) (NJ CFA); G&F Graphic Servs., Inc. v. Graphic Innovators, Inc., 18 F. Supp. 3d 583, 593–94 (D.N.J. 2014) (fraud in the inducement); MSKP Oak Grove LLC v. Venuto, 875 F. Supp. 2d 426, 434 (D.N.J. 2012) (NJ UFTA).

charged. . . ." <u>Lum v. Bank of Am.</u>, 361 F.3d 217, 223–24 (3d Cir. 2004) (internal quotation omitted).

### 2. Count Four – Violation of the New Jersey Consumer Fraud Act

The FAC fails to adequately allege a violation of the NJ CFA. In pertinent part, the NJ CFA states

> [t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise. . . is declared to be an unlawful practice. . . .[4]

N.J. Stat. Ann. § 56:8-2. To state a claim, the plaintiff must allege (1) an unlawful practice by defendant, (2) an ascertainable loss, and (3) a causal relationship between the unlawful practice and the ascertainable loss. <u>Frederico v. Home Depot</u>, 507 F.3d 188, 202 (3d Cir. 2007). "Unlawful practices fall into three general categories: affirmative acts, knowing omissions, and regulation violations." <u>Cox v. Sears Roebuck & Co.</u>, 647 A.2d 454, 462 (N.J. 1994).

Plaintiff alleges Defendants engaged in unlawful practices by affirmatively misrepresenting facts pertaining to Hurri-Homes and the contractual relationship between the parties. Plaintiff alleges six misrepresentations: (1) that Hurri-Homes had a valuable patent related to its business; (2) that Hurri-Homes was worth approximately $10 million; (3) that there was no risk that Plaintiff would not be repaid; (4) that Plaintiff would be repaid with a substantial

---

[4] At the outset, the Court notes that, in their Reply Brief, Defendants argue that the NJ CFA is not applicable to Plaintiff's claims here because the NJ CFA only covers fraud in the sale of merchandise or real estate and Plaintiff has not alleged Defendants offered anything for sale. (Def. Reply Br. at 9). While this may be correct, the Court will not consider the issue at this time because Plaintiff has not had the opportunity to respond Defendants' argument. <u>D'Aiuto v. City of Jersey City</u>, No. 06-cv-06222, 2007 WL 2306791, at *4 n.1 (D.N.J. Aug. 8, 2007) (explaining that courts have discretion as to whether to consider new facts or arguments raised in a reply brief and declining to consider a new argument raised in a reply because the opposing party did not have the opportunity to respond).

return; (5) that Lucien Vita and others would be personally responsible for paying Plaintiff back; and (6) that Plaintiff's money would be used for solely business purposes. (FAC, PageID# 161, ¶ 8). These alleged misrepresentations can be split into two categories. First are the misrepresentations related to the use of Plaintiff's money and the repayment of that money. That category includes statements (3) through (6) above. Second are the misrepresentations related to Hurri-Homes and its business. That category encompasses statements (1) and (2) in the list above. The Court will analyze the two categories of misrepresentations separately.

The misrepresentations related to the use of Plaintiff's money and the repayment of that money are insufficient to state a claim under the NJ CFA for two related reasons. First, the alleged misrepresentations—most critically, that Defendants would repay Plaintiff—merely constitute a breach of the contract between the parties. See Hunt Constr. Group, Inc. v. Hun Sch. of Princeton, No. 08-cv-03550, 2009 WL 1312591, at *6 (D.N.J. May 11, 2009) (dismissing defendant's counterclaim based on the NJ CFA because defendant merely alleged that "[plaintiff] failed to abide by its obligations under the contract"). To find that a breach of a contract violates the NJ CFA, a court must conclude that "substantial aggravating circumstances" are present in addition to the breach. Cox, 647 A.2d at 462. But Plaintiff has not alleged any aggravating circumstances here. Cf. Hillsborough Rare Coins, LLC v. ADT LLC, No. 16-cv-00916, 2017 WL 1731695, at *11 (D.N.J. May 2, 2017) (classifying a forged signature as an aggravating circumstance).

Second, the alleged misrepresentations regarding to the use and repayment of Plaintiff's money cannot support an NJ CFA claim because they are related to future conduct. Plaintiff alleges Defendants promised to pay her back some time in the future and then failed to do so. "In

10

the analogous context of a common-law fraud claim, [the] Supreme Court [of New Jersey] has explained that 'to be actionable, fraud must relate to a present or pre-existing fact and cannot ordinarily be predicated on representations which involve things to be done in the future.'" Jacobsen Diamond Ctr., LLC v. ADT Sec. Sys, Inc., No. A-1578-14T1, 2016 WL 3766236, at *9 (N.J. Sup. Ct. App. Div. July 15, 2016) (quoting Anderson v. Modica, 73 A.2d 49, 52 (N.J. 1950)). As such, Plaintiff's allegation that Defendants did not pay her back cannot support an NJ CFA claim.[5]

Furthermore, the statements that Hurri-Homes owned a valuable patent and was worth $10 million, while in theory sufficient to state a claim under the NJ CFA because they relate to present or pre-existing facts, fail under the heightened pleading standard of Rule 9(b). In Paragraph 8 of the FAC, Plaintiff outlines the alleged misrepresentations. She alleges only that Lucien Vita made the statements sometime between January 2018 and March 2018 along with a slew of other statements. (FAC, PageID# 161, ¶ 8). She does not provide any detail regarding the content of the statements other than her allegation that Lucien Vita "represented" these facts to her. See Laing v. Am. Strategic Ins. Corp., No. 14-cv-01103, 2014 WL 4953250, at *4 (D.N.J. Oct. 1, 2014) (holding that the plaintiffs failed to meet their burden under Rule 9(b) where the

---

[5] At points, Plaintiff does appear to allege that Defendants knew that they would never pay her back from the start of the contractual relationship. (FAC, PageID# 164, ¶ 21) (alleging all of Defendants' statements, including that they would pay Plaintiff back, were "false when made"). This allegation is consequential with regard to Plaintiff's NJ CFA claim because, "in the context of a fraud claim, a promise may constitute a misrepresentation only if the promisor knew at the time the promise was made that it could not or would not be fulfilled." Bubbles N' Bows, LLC v. Fey Pub. Co., No. 06-cv-05391, 2007 WL 2406980, at *9 (D.N.J. Aug. 20, 2007). But, the FAC is still insufficient because it only includes the bare legal conclusion that Defendants knew they were making false promises and does not provide any basis for that claim. Rait v. Sears, Roebuck and Co., 2009 WL 250309, at *4 (D.N.J. Feb. 3, 2009) (explaining that a plaintiff must plead specific facts "that provide a basis for the belief of what defendant is alleged to have known and when"); MacKay v. Donovan, 747 F. Supp. 2d 496, 504 (E.D. Pa. 2010) ("Although state of mind may be pled generally under Rule 9(b), Plaintiff must still plead facts and may not simply state legal conclusions.").

complaint contained only "general misrepresentations or deceitful acts" without "sufficient detail"). Nor does she identify how or where Lucien Vita made the statements. See In re Rockefeller Ctrs. Props., Inc. Sec. Litig., 311 F.3d 198, 217 (3d Cir. 2002) (explaining that, to meet Rule 9(b)'s requirements, the complaint must include "all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where, and how of the events at issue"(internal quotation omitted)). Finally, as to the statement that Hurri-Homes was worth $10 million, the FAC contains no facts from which to infer that this statement was false. Read as a whole, the FAC does not contain the required level of specificity to meet Rule 9(b)'s pleading standard.

In all then, Plaintiff's NJ CFA claim will be dismissed because the alleged misrepresentations related to Defendants' failure to pay her back simply amount to a breach of the contract without any aggravating circumstances and the alleged misrepresentations related to Hurri-Homes fail to meet the particularity requirements of Rule 9(b).

    3.   Count Six – Fraud in the Inducement

Plaintiff's fraud in the inducement claim fails for similar reasons to her NJ CFA claim. Under the economic loss doctrine, a plaintiff may not recover damages in tort for a breach of contract. Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co., 226 F. Supp. 2d 557, 562 (D.N.J. 2002). The economic loss doctrine does not apply, however, to fraud claims where the allegedly fraudulent misrepresentations are extrinsic, or unrelated, to the contract between the parties. Chen v. HD Dimension Corp., No. 10-cv-00863, 2010 WL 4721514, at *8 (D.N.J. Nov. 15, 2010). Here, Defendants' statements regarding the repayment of Plaintiff's money are intrinsic, rather than extrinsic, to the contract between the parties and, therefore, any fraudulent

12

inducement claim based on those allegations is barred by the economic loss doctrine. See Rainforest Distrib. Corp. v. Vybes L.A. LLC, No. 20-cv-00634, 2021 WL 3879099, at *10 (D.N.J. Aug. 31, 2012) (dismissing a fraudulent inducement counter-claim because the defendant did not plead that plaintiff "breached duties independent of those arising under [the] breach of contract claim. . . ."). And the alleged misrepresentations related to Hurri-Homes, while extrinsic to the contract, do not meet the pleading standards of Rule 9(b). So, the FAC does not contain any allegations that adequately state a claim for fraudulent inducement.

    4.   Count Seven – Violation of the New Jersey Uniform Fraudulent Transfer Act

Plaintiff also fails to adequately allege a violation of the NJ UFTA. The purpose of the NJ UFTA is "to prevent a debtor from placing his or her property beyond a creditor's reach." Gilchinsky v. Nat'l Westminster Bank N.J., 732 A.2d 482, 488 (N.J. 1999). Generally, to state a claim for fraudulent conveyance under the NJ UFTA, the plaintiff must allege (1) that the debtor placed some asset beyond the reach of the creditor that would have been available to the creditor but for the transfer and (2) "the debtor transferred [the asset] with an intent to defraud, delay, or hinder the creditor."[6] Id. at 488–89.

Here, Plaintiff's claim fails on the first prong because the FAC does not contain any allegations that Defendants placed any money or other assets beyond Plaintiff's reach. Plaintiff argues "[a]s to what Defendants did with the money, that is for discovery as Plaintiff does not have that information." (Pl. Br. at 19). But Plaintiff cannot use the potential for future discovery as an excuse for her failure to plead the bare minimum required to state a claim, especially

---

[6] Plaintiff does not identify under which specific section of the NJ UFTA she is asserting her claims. (FAC, PageID# 170, ¶ 3) (citing the entirety of the NJ UFTA).

where, as here, the heightened pleading standards of Rule 9(b) apply. Ogbin v. GE Money Bank, No. 10-cv-05651, 2011 WL 2436651, at *4 n.3 (D.N.J. June 13, 2011) ("A plaintiff's request for discovery cannot serve as a basis to deny a defendant's motion to dismiss, as the filing of such a motion serves to protect a defendant from being subject to discovery, during which a plaintiff hopes that facts will be unearthed to support plaintiff's speculation."). Furthermore, Plaintiff argues that "[a]s to the transfers by Plaintiff, all are [plead] with specificity." (Pl. Br. at 19). However, the transfers made by Plaintiff are inconsequential to the NJ UFTA claim because the statute only addresses transfers made by debtors (Defendants here) rather than creditors (Plaintiff). See Gilchinsky, 732 A.2d at 488 (explaining that the NJ UFTA is focused on transactions made by debtors to "remov[e] [their property] from the jaws of execution." (internal quotation omitted)). As such, Plaintiff's NJ UFTA claim will be dismissed.

### F. Count Eight – Violation of the New Jersey Racketeer Influenced and Corrupt Organizations Act

Plaintiff also has not adequately alleged a violation of the New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJ RICO"). The NJ RICO statute makes it "unlawful for any person employed by or associated with any enterprise engaged in or activities of which affect trade or commerce to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity or collection of an unlawful debt." N.J. Stat. Ann. § 2C:41-2(c). To state an NJ RICO claim, a plaintiff must allege five elements:

> (1) the existence of an enterprise; (2) that the enterprise engaged in or its activities affected trade or commerce; (3) that defendant was employed by, or associated with the enterprise; (4) that he or she participated in the conduct of the affairs of the enterprise; and (5) that he or she participated through a pattern of racketeering activity.

Ford Motor Co. v. Edgewood Props., Inc., No. 06-cv-01278, 2009 WL 150951, at *10 (D.N.J. Jan. 20, 2009) (internal quotation omitted).

Plaintiff fails to allege a pattern of racketeering activity—the fifth element of the NJ RICO statute.[7] To make out a pattern of racketeering activity, a plaintiff must allege at least two predicate acts of "racketeering conduct" that occurred within ten years of each other. See N.J. Stat. Ann. § 2C:41-1(d). Racketeering conduct "includes any of a long list of New Jersey crimes or 'equivalent crimes under the laws of any other jurisdiction,' as well as most federal RICO predicates." In re Libor-Based Fin. Instruments Antitrust Litig., No. 11 MDL 2262, 2015 WL 4634541, at *88 (S.D.N.Y. Aug. 4, 2015) (quoting N.J. Stat. Ann. § 2C:41-1(a)). Here, Plaintiff identifies four predicate acts, as follows: (1) violation of N.J. Stat. Ann. § 2C:20-3 (theft by unlawful taking); (2) violation of N.J. Stat. Ann. § 2C:20-4 (theft by deception); (3) N.J. Stat. Ann. § 2C:20-6 (theft of property lost, mislaid, or delivered by mistake); and (4) N.J. Stat. Ann. § 2C:20-7 (receipt of stolen property). (FAC, PageID# 170-71, ¶ 3).

The FAC does not state a claim for any of the four alleged predicate acts. First, under the relevant New Jersey statutes, theft by unlawful taking, theft of property lost, mislaid, or delivered by mistake, and receipt of stolen property all require the taking or receipt of property to which the defendant is not entitled. See N.J. Stat. Ann. § 2C:20-3(a) ("A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with purpose

---

[7] Defendants also argue Plaintiff's NJ RICO claim should be dismissed for two more reasons: (1) she has not sufficiently alleged the existence of an enterprise and (2) she has not plead any facts indicating that the enterprise affected trade or commerce in New Jersey. (Def. Br. at 29-34). Because the Court finds that the FAC does not allege two or more predicate acts, as required under the NJ RICO statute, it need not address Defendants' additional arguments in favor of dismissal here. However, as discussed below, the Court will dismiss Plaintiff's NJ RICO claim without prejudice. Plaintiff may address the deficiencies identified by Defendants, including the two not addressed here, should she choose to move to amend her complaint.

15

to deprive him thereof."); § 2C:20-6 ("A person who comes into control of property of another that he knows to have been lost, mislaid, or delivered under a mistake as to the nature or amount of the property or identity of the recipient is guilty of theft if. . . he converts the property to his own use."); § 2C:20-7 ("A person is guilty of theft if he knowingly receives or brings into this State movable property of another knowing it has been stolen, or believing that it is probably stolen."). However, Plaintiff does not allege Defendants were not entitled to the money she loaned them. Rather, she alleges she <u>knowingly</u> provided them with her money under the false pretense that they would pay her back. (FAC, PageID# 161, ¶ 9) (stating Plaintiff wired $200,000 to Hurri-Homes in reliance on Defendants' representations). Given Defendants never took property to which they were not entitled, theft by unlawful taking, theft of property lost, mislaid or delivered by mistake, and receipt of stolen property cannot form the predicate acts for Plaintiff's NJ RICO claim.

The FAC fails to make out a theft by deception claim for a different reason. The theft by deception provision prohibits obtaining another's property by, among other means, "creat[ing] a false impression." N.J. Stat. Ann. § 2C:20-4(a). In essence then, theft by deception punishes those who obtain money or property through fraudulent means. See Zanger v. Bank of Am., N.A., No. 10-cv-02480, 2011 WL 3501867, at *5 (D.N.J. Aug. 10, 2011) (explaining that, to be guilty of theft by deception, a defendant must knowingly make a misrepresentation with "the specific intent to cheat or defraud" (quoting State v. Cox, 376 A.2d 236, 238 (N.J. Super. Ct. Law Div. 1977)). And Plaintiff certainly alleges that Defendants' obtained her money fraudulently. (FAC, PageID# 161, ¶¶ 8, 9). But, as discussed above, none of these fraud allegations are made with the particularity required by Rule 9(b). See A-Valey Eng'rs, Inc. v. Bd.

16

of Chosen Freeholders of Cnty. of Camden, 106 F. Supp. 2d 711, 715 (D.N.J. 2000) ("Predicate acts that consist of fraud must be plead with sufficient particularity under Fed. R. Civ. P. 9(b)." (internal quotation omitted)). That deficiency forecloses any claim for theft by deception. See Zanger, No. 10-cv-02480, 2011 WL 3501867, at *6 (dismissing the plaintiff's NJ RICO claim based on a predicate act of theft by deception where the complaint failed to adequately allege fraud). Thus, Plaintiff does not sufficiently allege any predicate acts, let alone the two predicate acts necessary to state an NJ RICO claim.

### G. Plaintiff's Request for Leave to Amend the Complaint

Finally, Plaintiff requests leave to amend her complaint. (Pl. Br. at 22). Defendant opposes her request, arguing that any amendment would be futile. (Def. Reply Br. at 14-15). Federal Rule of Civil Procedure 15(a)(2) authorizes a party to amend its pleading "with the opposing party's written consent or the court's leave." The Rule also instructs courts to grant leave "freely. . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend under Rule 15 should be denied only in certain circumstances, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or clear futility of the amendment.'" Brown v. Camden City Sch. Dist., No. 19-cv-00114, 2020 WL 6055070, at *2 (D.N.J. Oct. 13, 2020) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). A claim is futile if it would not survive a motion to dismiss pursuant to Rule 12(b)(6). Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000).

With respect to Counts Two, Three, Five, and Seven, the Court finds that amendment of the FAC would be futile and, therefore, will dismiss those claims with prejudice. As discussed above, Counts Two, Three, and Five—the good faith and fair dealing, unjust enrichment, and

17

conversion claims—all fail because they are duplicative of the breach of contract claim in Count One. Plaintiff has not identified any alternative facts or allegations that would divorce these claims from the actions underlying the alleged breach of contract. Moreover, the NJ UFTA claim in Count Seven fails because Plaintiff admits she does not know where or whether Defendants transferred her money. This admission indicates that Plaintiff will never be able to adequately state an NJ UFTA claim.

The Court will, however, dismiss Counts Four, Six, and Eight—the NJ CFA, fraud in the inducement, and NJ RICO claims—without prejudice. All three of those claims are inadequate primarily or partially because they fail to meet the heightened pleading standard for fraud under Rule 9(b). Plaintiff could, in theory, remedy that deficiency by adding additional allegations to the FAC. Therefore, the Court will allow Plaintiff to file a motion to amend the FAC and a proposed amended complaint with additional fraud allegations, if she so chooses. The Court will evaluate the sufficiency of Plaintiff's allegations if and when a motion to amend is filed.

### III. ORDER

For the foregoing reasons, it is **ORDERED** that Defendants' motion to dismiss Counts Two through Eight of the First Amended Complaint (ECF No. 21) is **GRANTED**; and it is further;

**ORDERED** that Counts Two, Three, Five, and Seven of Plaintiff's First Amended Complaint (ECF No. 16) are **DISMISSED** with prejudice; and it is further

**ORDERED** that Counts Four, Six, and Eight of Plaintiff's First Amended Complaint (ECF No. 16) are **DISMISSED** without prejudice.

                                                    s/ Stanley R. Chesler
                                                    Stanley R. Chesler, U.S.D.J

Dated: February 8, 2022